IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| LEASING ANGELS, INC., ) | |
|     Plaintiff/Counter-Defendant, ) | |
| ) | |
| v. ) | No. 2:24-cv-02001-SHL-cgc |
| ) | |
| DARRELL BROWN, ) | |
| ) | |
|     Defendant/Counter-Plaintiff. ) | |

**ORDER GRANTING MOTION TO REMAND**

Before the Court is Plaintiff Leasing Angels, Inc.'s ("LAI") Amended Motion to Remand to State Court ("Motion to Remand"), filed on March 7, 2024. (ECF No. 17.) Defendant Darrell Brown filed his response on March 22, 2024. (ECF No. 18.) For the reasons set forth below, LAI's Motion is **GRANTED**.

**BACKGROUND**

LAI is a real estate firm in Memphis, Tennessee, specializing in matching renters with residential properties. (ECF No. 1-1 at PageID 3–4.) LAI hired Brown as Regional Operations Director for the State of Tennessee on March 16, 2023. (Id. at PageID 5.) Upon accepting the role, Brown signed a Confidentiality, Non-Competition and Non-Solicitation Employment Agreement (the "Agreement"), in which he agreed not to work for any of LAI's competitors for twelve months after his employment with LAI. (Id. at PageID 5–7, 16–25.) The Agreement also included a forum selection clause in which the parties agreed that any legal action relating to the Agreement would take place in state court in Shelby County, Tennessee. (Id. at PageID 4, 24.)

On September 30, 2023, Brown voluntarily terminated his employment with LAI. (Id. at PageID 6.) On October 6, LAI learned that Brown had accepted a role with a competitor real estate firm, Cornerstone Residential. (Id.) On November 15, LAI filed its Complaint against

Brown in Shelby County Circuit Court, bringing the following claims: breach of contract, violation of the Defend Trade Secrets Act, violation of the Tennessee Uniform Trade Secrets Act, and unjust enrichment/equitable forfeiture. (Id. at PageID 6–11.)

On January 2, 2024, Brown filed a Notice of Filing Notice of Removal ("Notice"), bringing this case before this Court. (ECF No. 1 at PageID 1.) Attached to that Notice was Brown's Answer to the Complaint (ECF No. 1-1 at PageID 31–39), along with a Counter-Complaint alleging violations of the Fair Labor Standards Act ("FLSA") (id. at PageID 40–46). In the Counter-Complaint, Brown alleges that LAI did not compensate him for working through lunch breaks, at night, and overtime, and that LAI misclassified him as an independent contractor. (Id. at PageID 40, 42–43.)

Although Brown's Notice alludes to an Exhibit A, which was to include "[a] true and correct copy of the Notice of Removal (with exhibits)," it appears that that exhibit was not actually attached. (ECF No. 1 at PageID 1.) Brown did submit a Civil Cover Sheet indicating that his basis for removal is the FLSA claim in his Counter-Complaint. (ECF No. 1-3 at PageID 49.)

In turn, LAI filed its Motion to Remand on March 7, 2024, arguing that (1) the FLSA counterclaim cannot be the basis for this Court's jurisdiction, and (2) federal question jurisdiction does not arise when a complaint on its face states alternative federal-law and state-law theories to support a state-law claim. (ECF No. 17 at PageID 92.)[1]

---

[1] Although LAI does not argue in its Motion to Remand that the Agreement included a forum selection clause, the Complaint states that under the terms of the Agreement "Defendant irrevocably consented and submitted to the jurisdiction and venue of the Shelby County, Tennessee Courts." (ECF No. 1-1 at PageID 4.)

In Brown's response, he first argues that his FLSA counterclaim arises "out of a single series of interlocking or intertwined action[s]" because Brown allegedly gained knowledge of LAI's intellectual property "during the same time period and actions in which Brown's FLSA claims accrued." (ECF No. 18 at PageID 96.) Second, Brown argues that removal was proper because the Complaint includes a claim under the federal Defend Trade Secrets Act, 18 U.S.C. § 1836, giving the Court original jurisdiction over a federal question. (Id. at PageID 99.) However, because Brown's original Notice does not cite any basis other than its FLSA counterclaim (ECF No. 1-3 at PageID 49), the Court **GRANTS** LAI's Motion to Remand.

## **LEGAL STANDARD**

On a motion to remand, the defendant bears the burden of establishing that removal was proper. Long v. Bando Mfg. of Am., Inc., 201 F.3d 754, 757 (6th Cir. 2000). "The removal petition is to be strictly construed, with all doubts resolved against removal." Her Majesty the Queen in Right of the Province of Ontario v. City of Detroit, 874 F.2d 332, 339 (6th Cir. 1989) (citing Wilson v. USDA, 584 F.2d 137, 142 (6th Cir. 1978)). To remove a civil action from state to federal court, a defendant must file "a notice of removal . . . containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). "Section 1446(a) requires only that the grounds for removal be stated in 'a short and plain statement'—terms borrowed from the pleading requirement set forth in Federal Rule of Civil Procedure 8(a)." Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 87 (2014) (quoting 14C Wright et al., Federal Practice and Procedure § 3733, at 639–41 (4th ed. 2009)). Finally, the well-pleaded-complaint rule does not allow a counterclaim to serve as the basis for a district court's "arising under" jurisdiction. Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 826 (2002).

## ANALYSIS

Brown offers two arguments as to why LAI's Motion to Remand should be denied: (1) Brown's FLSA counterclaim is sufficiently "intertwined" to serve as a basis for jurisdiction, and (2) LAI's federal Defend Trade Secrets Act claim establishes federal question jurisdiction. As is explained in more detail below, both arguments fail.

A.   FLSA Counterclaim

As a threshold matter, Brown's Notice does not satisfy the requirements for a notice of removal because it does not contain "a short and plain statement of the grounds for removal," 28 U.S.C. § 1446(a).  However, even if the Court were to construe the Civil Cover Sheet as that short and plain statement, that form—which includes space for a party to list multiple alternate bases for removal—lists only one basis: Brown's FLSA counterclaim.  (ECF No. 1-3 at PageID 49.)  But a counterclaim cannot serve as the basis for federal question jurisdiction.  See Vornado, 535 U.S. at 826.

Further, Brown's argument that his FLSA counterclaim can serve as a basis for jurisdiction because it arises from actions that are "interlocking or intertwined" with LAI's claims for breach of contract and breach of trade secrets does not carry the day for two reasons.  First, Brown fails to show that the two sets of facts are "interlocking or intertwined" in the first place.  On the contrary, these claims arise from different sets of facts—the Complaint from an alleged breach of contract after the termination of Brown's employment with LAI (ECF No. 1-1 at PageID 5–6) and the Counter-Complaint from LAI's alleged failure to compensate Brown for work completed before his termination (id. at PageID 41–43).  Second, Brown cites no case law to support the argument that federal question jurisdiction arises when a federal counterclaim shares interlocking facts with the original state-court pleading.  Even if these claims did arise

from the same set of facts, removal "cannot be based upon the assertion of claims appearing in a counterclaim, no matter how related to or otherwise intertwined with the matters asserted in the original complaint." Duetsche Bank Nat'l Trust Co. v. Taylor, No. 5:11CV0521, 2011 WL 1374988, at *2 (N.D. Ohio Apr. 12, 2011).

      B.     <u>Federal Jurisdiction Arising from Federal Claim in LAI's Complaint</u>

For the first time in his response to the Motion to Remand, Brown argues that LAI's Defend Trade Secrets Act claim gives the Court original jurisdiction over a federal question. (ECF No. 18 at PageID 100.) However, that argument is untimely because Brown had the burden to plead any alternative basis for removal within thirty days of the receipt of the initial state court pleading. 28 U.S.C. § 1446(b). "A defendant may not amend its notice of removal after this thirty-day period to remedy a substantive defect in the petition." Wyant v. Nat'l R.R. Passenger Corp., 881 F. Supp. 919, 924 (S.D.N.Y. 1995).

However, a court may make an exception to the thirty-day requirement when "the proposed amendments are technical in nature or merely serve to clarify what was contained in the original notice for removal," but a court will not generally make an exception to allow a defendant to "add a new ground for removal." Id. (quoting Stuart v. Adelphi Univ., No. 94 Civ. 4698, 1994 WL 455181 (S.D.N.Y. Aug. 19, 1994)). Even if the Court were to construe Brown's Notice as a notice of removal (ECF No. 1 at PageID 1), the Defend Trade Secrets Act is not mentioned either in the Notice or on the Civil Cover Sheet. Months later, Brown may not now raise that claim as a new ground for removal. (Id.)

Further, Brown has not acknowledged that a clerical error occurred in failing to attach the promised notice of removal. In Brown's Response, he does not ask to amend his Notice to include the notice of removal, but instead raises a separate, alternate basis for removal. (ECF

5

No. 18 at PageID 100.)  The Court can only work with the filings that are before it.  Therefore, because Brown's Notice fails to state "a short and plain statement of the grounds for removal," 28 U.S.C. § 1446(a), the Court finds that it lacks jurisdiction to hear this case.

## **CONCLUSION**

For the reasons stated above, the Court **GRANTS** LAI's Motion to Remand.  Additionally, Brown's Counter-Complaint is **DISMISSED** without prejudice.  If Brown still wishes to bring his Counter-Complaint, he must file it as a separate action.

**IT IS SO ORDERED**, this 7th day of May, 2024.

s/ Sheryl H. Lipman<br>
SHERYL H. LIPMAN<br>
CHIEF UNITED STATES DISTRICT JUDGE